IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PETER JAMES SMITH,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )        CASE NO. 2:16-cv-167-WKW-TFM
                                  )
THE MONTGOMERY POLICE DEPT., )
*et. al.,*                        )
        Defendant.                )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed March 17, 2016).  Thereafter this Court granted the Motion for Leave to Proceed In Forma Pauperis and ordered service in this action stayed pending the Court's review pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court also ordered the Plaintiff to file an amended complaint on or before April 13, 2016, "which identifies each Defendant, as specifically as possible, who committed the alleged wrongful acts about which Plaintiff complains." (Doc. 4).  For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. INTRODUCTION

The Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 naming as the sole defendant "The Montgomery Police Department, et al." (Doc.1 at p. 1) He specifically alleges in his complaint that "two members of the Montgomery Police

Department violated my Civil Rights by preventing me from completeing [sic] shopping at the Dollar Tress Stores Inc on Atlanta Hwy." (Doc. 1 pp. 3-4). In *forma pauperis* proceedings are governed by 28 U.S.C.§ 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)[1].

## II. DISCUSSION AND ANALYSIS

Initially, the Court must address whether it has subject matter jurisdiction over Plaintiff's claims. *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309, 1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction.) (Citations omitted). As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Plaintiff alleges a violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[2] Plaintiff brings his due process

---

[1] The statute provides, in pertinent part:"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom,

claims pursuant to §1983; therefore, he arguably invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[3]  Indeed, the Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law."  U.S. CONST. AMEND. XIV § 1.

Reading the complaint liberally, as this court is required to do since Plaintiff filed *pro se, see Alba, id,* the court understands that Plaintiff seeks to bring an action against two officers of the Montgomery Police Department.  However, the Plaintiff has named only the Department specifically and only generally referred to "two members of the Montgomery Police Department".  By Order of March 29, 2016, this Court required the Plaintiff to specifically identify the defendants about whose conduct he complains.  (Doc. 4).  The Plaintiff failed to respond to this Order.  Again on April 18, 2016, the Court ordered Plaintiff to file an amended complaint which specifically identified each defendant about whose conduct he complains.  (Doc. 8).  Again Plaintiff failed to respond to this Order.

Plaintiff, however, has filed a number of motions with the Court, including a Motion for Leave to File Exhibits (Doc. 5), Motions to Amend (Docs. 7, 9 and 12).  On April 18,

---

or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[3]Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

2016, the Court granted the Motion for leave to file exhibits (Doc. 5) and the first Motion to Amend.  (Doc. 7).  (*See*  Doc. 8).  The Plaintiff then filed Motions to Amend (Docs. 9 and 12).  None of the motions, however, complies with the Court's Orders requiring that Plaintiff identify the defendant police officers " as specifically as possible".  (Docs. 4, 8).  Indeed, Plaintiff fails to provide general information about or to even mention the officers again in his filings.  Rather, he files a number of exhibits dealing with his pending state municipal court cases.  Therefore, the Court concludes that these pending motions to amendment are futile. (Docs. 9, 12).

The Eleventh Circuit has clearly stated that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit.  *Dean v. Barber* , 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing an Alabama's sheriff department on the basis that it is not an entity which maybe sued); *see also Robinson v. Hogansville Police Dep't*, 159 Fed. Appx. 137, 138 (11th Cir. 2005) (unpublished) (reaffirming *Dean, supra*, with respect to a Georgia city police department).  Thus, the Court concludes that this case is due to be dismissed because Plaintiff brings this suit only against the Montgomery Police Department.  For the reasons stated above, the Court concludes that the complaint fails to state a claim upon which relief maybe granted, and therefore, warrants dismissal prior to service of process under 28 U.S.C. § 1915 (e)(2)(B).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the Plaintiff file any objections to this Recommendation on or before **June 14, 2016.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 31st day of May, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE